# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REPUBLIC SILVER STATE
DISPOSAL INC.,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 631,

    Defendant.

Case No. 2:15-cv-00903-LDG (CWH)

**ORDER**

       The plaintiff, Republic Silver State Disposal Inc., d/b/a Republic Services of Southern Nevada (Republic) filed a lawsuit alleging that, in May 19, 1999, an arbitrator rendered an opinion in its favor and against the defendant, International Brotherhood of Teamsters, Local 631 (Union), and which the Union did not move to vacate or otherwise set aside.  Republic alleges that the 1999 arbitration opinion determined that the CBA did not require the pyramiding of overtime pay, and that if the Union wanted the pyramiding of overtime pay, it would need to negotiate for different language in a future CBA.  The Union has not, however, negotiated for a change in the CBA language.

       Republic asserts that, despite the 1999 arbitration opinion, the Union filed two grievances in 2012 asserting that the CBA requires pyramiding of overtime pay.

Eventually, the Union notified Republic that it intended to arbitrate the second grievance, and attorneys for both parties selected an arbitrator.

Republic further alleges that, in January and February 2014, the parties engaged in efforts to settle a large number of then-pending grievances, and ultimately agreed to settle a number of grievances. The parties ultimately entered into an oral settlement agreement. Regarding the overtime pyramiding grievance, Republic alleges the parties agreed to remove it from arbitration and submitted it to mediation, with the parties agreeing to specific terms before arriving at the mediation. Republic also reduced the material terms of the agreement to writings, and read those documents at a meeting with Union officials, who verbally agreed that the documents accurately recited the terms of the settlement agreement. Republic attached the document it alleges recites the material terms of the settlement agreement to its complaint.

Following the settlement, the parties cancelled the arbitration of the overtime pyramiding grievance and scheduled the grievance for mediation. Republic alleges that, at the mediation, the Union did not comply with its obligations under the settlement agreement. Subsequently, the Union demanded that Republic proceed to arbitration of the overtime pyramiding issue. Republic denied that request, then brought the instant action to enforce the 1999 arbitration opinion. Republic also brings a claim alleging that the Union breached the settlement agreement, further seeks a declaration that the settlement agreement is valid and enforceable, and requests an order requiring the Union to comply with the settlement agreement.

The Union moves to compel arbitration (#4), asks this Court to "dispose of this case summarily" and compel Republic to arbitrate the overtime pyramiding grievance, and to award the Union fees because Republic's refusal to submit its defenses to arbitration is without justification. The Union further moves to dismiss this matter (#5), arguing that the

face of the complaint makes clear that it presents an arbitrable controversy that the plaintiff has not submitted to arbitration.

Republic opposes the motions, arguing that its claim to enforce the 1999 arbitration award is not arbitrable, and that the parties agreed, as part of the settlement agreement, that disputes arising out of the settlement agreement were not arbitrable.

### Confirmation of 1999 Arbitration Opinion and Award

A careful reading of the Union's motions indicates that the Union is NOT seeking to compel Republic to arbitrate its claim for confirmation of the 1999 Arbitration Opinion and Award.  The lack of such argument is unsurprising given that the confirmation of the 1999 Arbitration Opinion and Award is irrelevant to whether Republic has an obligation to arbitrate the Union's current overtime grievance, and is irrelevant to any determination this Court can appropriately decide regarding whether the Union's current overtime grievance is arbitrable.  Rather, the Union has merely argued that the applicability of the 1999 Arbitration Opinion to the current overtime pyramiding grievance is for the eventual arbitrator of the current grievance to decide.  As the Union has not offered any argument suggesting that a confirmation of the 1999 Arbitration Opinion and Award will preclude an arbitrator hearing its current grievance from appropriately deciding how to apply the 1999 Arbitration Opinion to that grievance, the Court cannot compel Republic to arbitrate its confirmation claim.

### Settlement Agreement Claims

In contrast to its confirmation claim, the clear intent and purpose of Republic's remaining claims is to obtain a determination that the parties entered into a settlement agreement regarding the current overtime grievance, which settlement agreement precludes the Union from arbitrating the current overtime grievance, and which settlement

agreement the Union has breached by attempting to arbitrate the grievance. Stated otherwise, Republic is seeking a judicial determination that the Union cannot arbitrate an otherwise arbitrable grievance because the Union agreed to not arbitrate the grievance.

The parties agree that the CBA has an arbitration agreement, and that pursuant to the arbitration agreement the parties agreed to submit the question of arbitrability to the arbitrator rather than to a court. Republic argues, however, that this Court must decide, in the first instance, whether its dispute concerning the breach and enforcement of the settlement agreement (resolving an arbitrable grievance) is arbitrable because the parties expressly agreed that an arbitrator would not have authority to review the terms of the settlement agreement.

The Union argues that the settlement agreement lacks any such provision.

The Court agrees that Republic has not shown that the parties agreed that the terms of the settlement agreement resolving an arbitrable grievance were not subject to the CBA's arbitration agreement. Republic attached, to its complaint, written summaries of the verbal settlement agreement. Republic asserts that the Union acknowledged the summaries as accurately reciting the material terms of the settlement agreement. Republic does not identify any terms in the written summaries indicating an agreement to not arbitrate any dispute arising from the settlement agreement's resolution of an arbitrable grievance. Rather, Republic cites only to paragraph 24 of the declaration of Henry Vasquez, the former Senior Area Human Resources Manager for the Nevada and Arizona Areas of Republic Services. Paragraph 24 includes the summary of the settlement agreement relevant to the overtime grievance that Republic also attached to its complaint. Vasquez states that "[t]he clear result of our side agreement is that none of the settled issues, or any disputes arising from the settled issues, would be taken through the contractual arbitration forum and that it was final and binding." Republic has not shown, however, that "the clear result" of the settlement agreement is that disputes arising from a

4

settled issue (or breach of the settlement agreement) would not be taken through the CBA's arbitration process.

In sum, Republic has brought claims concerning the alleged breach of a settlement agreement resolving grievances which, pursuant to the CBA, are arbitrable. In this context, a dispute arising from or concerning the settlement agreement would, absent an agreement to the contrary, be subject to the CBA's arbitration agreement. Pursuant to that agreement, arbitrability is to be submitted to the arbitrator rather than the courts. Republic has alleged that the settlement agreement includes a term negating this provision. Republic's allegation that the agreement contains such a provision is not supported by any competent evidence. Rather, Republic offers only the conclusion of a former executive that this would be the "clear result" of the settlement agreement. Therefore, Republic's claims that the Union cannot arbitrate an otherwise arbitrable overtime grievance because such arbitration is in breach of a side agreement to not arbitrate the claims must be presented to the arbitrator. Accordingly,

THE COURT **ORDERS** that defendant, International Brotherhood of Teamsters, Local 631's Motion to Compel Arbitration (#4) is DENIED as to plaintiff Republic Silver State Disposal Inc., d/b/a Republic Services of Southern Nevada's claim for confirmation of arbitration award and is GRANTED as to plaintiff's remaining claims.

THE COURT FURTHER **ORDERS** that defendant, International Brotherhood of Teamsters, Local 631's Motion to Dismiss (#5) is DENIED as to plaintiff Republic Silver State Disposal Inc., d/b/a Republic Services of Southern Nevada's claim for confirmation of arbitration award and is GRANTED as to plaintiff's remaining claims.

DATED this ___ day of March, 2016.

_____
Lloyd D. George
United States District Judge