1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

REPUBLIC SILVER STATE
DISPOSAL INC.,

     Plaintiff,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 631,

     Defendant.

Case No. 2:15-cv-00903-LDG (CWH)

**ORDER**

     The plaintiff, Republic Silver State Disposal Inc., d/b/a Republic Services of Southern Nevada (Republic) filed a lawsuit alleging that, in May 19, 1999, an arbitrator rendered an opinion in its favor and against the defendant, International Brotherhood of Teamsters, Local 631 (Union).  The Union did not move to vacate or otherwise set aside that award.  In its only remaining claim for relief, Republic seeks confirmation of that 1999 arbitration award, and has now moved for that relief (#50).

The Union opposes the motion and cross-moves (#54) pursuant to Fed. Rule of Civ. Pro. 12(c) to dismiss the claim as barred by the statute of limitations.  The Court agrees that Republic's claim to confirm the arbitration award is untimely and will dismiss this matter.

Prior Decision

Republic argues that the Court should deny the Union's motion to dismiss because the Court previously considered and "specifically denied" the Union's argument that the statute of limitations barred Republic from commencing an action to confirm the 1999 award.  The Union did raise the argument in its first motion to dismiss.  The Court denied that motion; thus implicitly the Union's argument, but without specifically addressing the merits of the argument.  Republic does not, however, cite to any authority precluding this Court from re-visiting the Union's argument that commencing an action in 2015 to confirm an arbitration award issued in 1999 was untimely.

Limitations Period to Confirm Arbitration Award

Pursuant to NRS 38.239, "[a]fter a party to an arbitral proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to NRS 38.237 or 38.242 or is vacated pursuant to NRS 38.241."  As Republic correctly points out, in adopting the Uniform Arbitration Act, Nevada did not adopt a limitations period specific to the commencement of an action to confirm and arbitration award.

The lack of a limitations period specific to commencing an action to confirm an arbitration award, however, does not establish that the commencement of such an action is not governed by any limitations period.  Rather, as noted in Comment 2 of §22, of the

1 Revised Uniform Arbitration Act (which Act Nevada subsequently adopted), "The

2 consensus of the Drafting Committee was that the general statute of limitations in a State

3 for the filing and execution on a judgment should apply."  The comment appears consistent

4 with the primary purpose of confirming an arbitration award: to cause it to become

5 enforceable as a civil judgment.  Pursuant to N.R.S. 11.190, "an action upon a judgment or

6 decree of any court of the United States, or of any state or territory within the United

7 States, or the renewal thereof" must be commenced within six years.  The Court holds that

8 this general limitations period applies to actions commenced to confirm an arbitration

9 award.  Accordingly, the Court finds Republic's 2015 commencement of this action to

10 confirm a 1999 arbitration award to be untimely, and will dismiss the claim as such.

11       Further, even if Nevada's limitations period for commencing an action upon a

12 judgment does not govern the timeliness of Republic's commencement of its claim to

13 confirm the 1999 arbitration award, the Court would dismiss the claim as untimely pursuant

14 to the doctrine of laches.  "Laches is an equitable doctrine which may be invoked when

15 delay by one party works to the disadvantage of the other, causing a change of

16 circumstances which would make the grant of relief to the delaying party inequitable."

17 *Building & Constr. Trades v. Public Works*, 108 Nev. 605, 610–11, 836 P.2d 633, 636–37

18 (1992).  "Thus, laches is more than a mere delay in seeking to enforce one's rights; it is a

19 delay that works to the disadvantage of another."  *Carson City v. Price*, 113 Nev. 409, 412,

20 934 P.2d 1042 (1997).

21       In moving to dismiss, the Union argues that the Court should not "put its imprimatur

22 upon an arbitral award in a vacuum;" that is, that the Court should consider context in

23 determining whether to cause the arbitration award to be enforceable as a civil judgment.

24 Generally, the Court would disagree.  Confirmation of an arbitration award is intended to be

25 a summary procedure.  Specific methods to challenge an arbitration award are provided

26 separately, and the permissible challenges are limited.  Nevertheless, when a party delays

3

1  sixteen years in seeking confirmation, such delay will create a vacuum of context that

2  precludes confirmation without first considering whether the delay in seeking this Court's

3  judgment confirming the award has worked to the disadvantage of the other party.

4       Republic argues that its "merely asking this Court to *confirm*" the award (emphasis

5  original).  It further argues that confirmation is concerned with the propriety of the award

6  and is unrelated to enforcement.  The latter argument is irrelevant.  The former argument is

7  incomplete: Republic is not merely asking the Court to confirm the award, but is asking the

8  Court to confirm an award sixteen years after it was issued by the arbitrator.

9       To confirm the award after such a significant delay the Court must consider whether

10  the delay itself will cause the entry of a civil judgment confirming the award to be

11  inequitable to the Union.  Republic offers no argument that, in obtaining a confirmation of

12  the award, any advantage it obtains over the Union will result solely from reducing the

13  award to an enforceable civil judgment rather than as a result of the significant delay in

14  seeking the confirmation.  Rather, the pleadings of Republic's complaint, and its arguments

15  to the Court, indicate that Republic is seeking confirmation in response to changes in the

16  circumstances subsequent to 1999 that were relevant to the award, which changes have

17  favored the Union, and which changes may have limited the applicability of the 1999 award

18  to present disputes between the parties.  In short, Republic's own pleading best exemplifies

19  that it will be the significant delay in confirming the award, resulting from Republic's

20  significant delay in commencing an action to confirm the award, that will work to the

21  disadvantage of the Union.  Accordingly, even if the present action is not barred by

22  Nevada's six-year statute of limitations, the Court finds that Republic's 2015 action to

23  confirm the 1999 arbitration award is barred pursuant to the doctrine of laches.

24       Therefore, for good cause shown,

25       THE COURT **ORDERS** that Defendant International Brotherhood of Teamsters,

26  Local 631's Cross-Motion to Dismiss (#54) is GRANTED; Republic Silver State Disposal

4

1 Inc., d/b/a Republic Services of Southern Nevada's remaining claim for confirmation of

2 arbitration award is DISMISSED as untimely.

3          THE COURT FURTHER **ORDERS** that Republic Silver State Disposal Inc., d/b/a

4 Republic Services of Southern Nevada's Motion for Confirmation of Arbitration Award (#50)

5 is DENIED as moot.

6

7 DATED this ___//___ day of October, 2016.

8                                                                    _____

9                                                                    Lloyd D. George
                                                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26